IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

**LARRY GLENN,**
    **Plaintiff,**

vs.                                            Case No. 3:22-CVB-206-TAV-DCP

**U.S. BANK NATIONAL ASSOCIATION,**
**OCWEN LOAN SERVICING, LLC,**
**PHH MORTGAGE CORPORATION,**
**PHH MORTGAGE SERVICING,**
**NEWREZ, LLC, and**
**MACKIE WOLF ZIENTZ & MANN, PC,**
**JAMES BERNINI**
    **Defendants**.

## SECOND AMENDED COMPLAINT

Comes now the Plaintiff, LARRY GLENN, through its counsel, to Amend the Complaint in accord with Fed. R. Civ. P. Rule 15 to add claims related to the excess funds retained by defendants of the sale of the real property.

Plaintiff would respectfully show the court as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, LARRY GLENN, is a resident with the address of 213 Stooksbury Rd., Knoxville, Tennessee.

2. Defendant, U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS1, (herein after "U.S. Bank National Association") with Registered Agent being CT Corporation, 300 Montvue Rd. Knoxville, TN 37919.

3. Defendant OCWEN Loan Servicing, LLC, (herein after "OCWEN"), 1661 Worthington Rd., Ste. 100, West Palm Beach, FL 33409.

4. Defendant PHH Mortgage Corporation, (herein after "PHH Mortgage"), 1 Mortgage Way, Mt. Laurel, NJ 08054, with Registered Agent being Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

5. Defendant PHH Mortgage Servicing, (herein after "PHH Mortgage"), 1 Mortgage Way, Mt. Laurel, NJ 08054, with Registered Agent being Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

6. On information and belief, Defendant PHH Mortgage Corporation is the same entity as PHH Mortgage Services, an unregistered alias of Defendant PHH Mortgage Corporation a.k.a. PHH Mortgage Company.

7. Defendant, NewRez, LLC, (herein after "NewRez"), 55 Beattie Pl, Unit 600, Greenville, SC 29601 with service to the Registered Agent being Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

8. Defendant, Mackie Wolf Zientz & Mann, PC, (herein after "Mackie Wolf"), 14160 Dallas Pkwy, Ste 900, Dallas, TX 75254-4314, available for service through Registered Agent, Jerry Bridenbaugh, 7100 Commerce Way, Ste 273, Brentwood, TN 37027-2829.

9. James Bernini, purchased property at foreclosure and holds color of title over Plaintiff.

10. Plaintiff and real property are located in Knox County, Tennessee, and the events giving rise to this litigation occurred in Knox County, therefore, both venue and jurisdiction are proper.

**FACTS**

11. Plaintiff is/was the owner of real property found at 213 Stooksbury St, Knoxville, Tennessee. More properly known as, that certain parcel of land Situated in District No. Two (2) of Knox County, Tennessee, and being known and described as follows: Beginning at a stake in the West Line of Stooksbury Street, at a point distant northerly 900 feet from the point of intersection of the west line of Stooksbury Street with the North line of Holston drive; thence South 57 degrees 15 minutes West, 2587 feet to a stake; thence North 23 degrees 50 minutes West, 90 feet to a stake; thence north 57 degrees 15 minutes East, 254 feet to a stake in the west line of Stooksbury Street; thence with the west line of Stooksbury Streeet, South 26 degrees 15 minuets east, 80 feet to the place of beginning. Being the same property conveyed to Larry Glenn of recorded at Instrument 200107260006313, in the Registers Office for Knox County, Tennessee, to which map specific reference is hereby made for a more particular description.

12. Plaintiff entered into a primary mortgage, (herein after "First Mortgage") with Homeland Capital Mortgage on or about October 24, 2006 with Deed of Trust recorded in Knox County, Tennessee with Instrument Number 200611200042965. Exhibit K.

13. Deed of Trust recorded in Knox County, Tennessee with Instrument Number 200611200042965 reflects that the loan is subject to 12 U.S.C. § 2601 et. seq., and Regulation X of 24 C.F.R. Part 3500 being a "federally related mortgage loan".

14. At some point Homeland Capital Mortgage transferred or assigned rights or servicing to Defendant U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS1.

15. Plaintiff entered into a Chapter 13 Bankruptcy on December 19, 2014, of record case number 3:14-bk-33997-SHB.

16. At the time of filing, there was a single creditor with claim secured by the property, U.S. Bank National Association, trustee for Residential Asset Securities Corporation Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS1.

17. Listed in that Bankruptcy, the property located at 213 Stooksbury Rd., Knoxville, Tennessee., was entered as an asset with Defendant U.S. Bank National Association as a servicing agent or owner of the underlying note.

18. The Bankruptcy was Ordered Discharging Debtor was entered March 20, 2019.

19. By Order of the Bankruptcy Court, the debt of Plaintiff to Defendant U.S. Bank National Association was deemed as an Order of the Court "current through the month of December 2019". Exhibit A.

20. On December 3, 2019, the Office of the Chapter 13 Trustee congratulated Plaintiff on the successful completion of his Chapter 13, directing Plaintiff to "resume payments to your mortgage company promptly". The servicing agent for U.S. Bank NA. Association being OCWEN Loan Servicing with mortgage payment being "$526.21". Exhibit B.

21. Plaintiff immediately began making payments monthly to OCWEN Loan Servicing by Western Union Money Orders.

22. On information and belief OCWEN Loan Servicing, LLC, merged with PHH Mortgage Corporation some point in 2019. However, OCWEN continued to operate without notice to Plaintiff of the merger, acting as if a separate organization from PHH Mortgage Corporation, and PHH Mortgage Services asserts rights of servicing without notice of assignment for servicing.

23. About August 2020, OCWEN transferred Plaintiff account to PHH Mortgage Services or PHH Mortgage Corporation.

24. On August 22. 2020, PHH Mortgage Services returned full payment of the monthly amount due for August, 2020, claiming default. Exhibit C.

25. On information and belief, OCWEN failed to correct accounting to comply with the Order of the Bankruptcy Court, prior to the transfer of the account to PHH Mortgage Services, as directed by PHH Mortgage Corporation.

26. On September 16, 2020, Defendant Mackie Wolf Zientz & Mann sent a letter of Notice of Acceleration without any details as to bring the account into good standing. Exhibit D.

27. Plaintiff's attorney in the bankruptcy, sent a letter to Defendant Mackie Wolf Zientz & Mann disputing any default and giving notice of error under the Real Estate Settlement Procedures Act 12 U.S.C. § 2605(e) on October 8, 2020, in part requesting a full accounting from 2014. Evidence was presented that payments had been made to Defendant OCWEN and to PHH Mortgage Services sufficient to maintain the account in good standing. Exhibit E.

28. Within the letter of October 8, 2020, and information under 12 U.S.C. § 2605(e), counsel sought a "life of loan history from January 2014 to [October 8, 2020]". Additional information was sought such as "amount you assert is in default", and "in layman terms the reason you assert this default." Exhibit E.

29. No response was received by Cynthia Lawson, prior counsel other than a single email on November 10, 2020, from Bonnie Culp, Senior Bankruptcy Attorney for Tennessee, Shapiro & Ingle, Charlotte, NC. Exhibit F.

30. On or about January 2021, Defendant NewRez c/o PHH Mortgage Services declared Plaintiff current and withdrew any claim of account not in good standing. While taking the position of account in good standing Defendants still did not provide a history of the account in violation of 12 U.S.C. § 2605.

31. On information and belief, neither Defendant NewRez and/or PHH Mortgage made any representation to Defendant Mackie Wolf that they had diligently reviewed the account and found no new errors, making only a unsupported statement of "Good Standing".

32. On information and belief, Defendant NewRez or Defendant PHH Mortgage provided a demand letter / Notice of Default where the sum due appears to be claims on payments which had been properly received and rejected, Tenn. Code Ann. § 47-3-603 (b), and therefore paid by operation of law and/or actually paid. This letter was found to have been delivered to an abandoned home on April 25, 2022. Exhibit G.

33. Between February 2021 and foreclosure of March 2022, Defendant NewRez and/or PHH Mortgage again instituted foreclosure without providing Plaintiff with Notice of Default or opportunity to workout the account of return to current status, (a requirement of federally backed mortgages) with actual knowledge that the account management by Defendants NewRez, PHH Mortgage or OCWEN Servicing all failed to meet reasonable industry standards and had previously proved deficient.

34. On information and belief, Defendant Mackie Wolf Zientz & Mann held actual knowledge of the Court Ordered status of the account as of December 2019, and actual knowledge that no accounting or other response was made by any Defendant to the demand under 12 U.S.C. § 2605(e) as Defendant NewRez c/o PHH Mortgage Services informed Defendant Mackie Wolf Zientz & Mann that the account was in good standing about January 2021, without addressing the response required under 12 U.S.C. § 2605(e).

35. On information and belief, Defendant Mackie Wolf Zientz & Mann relied upon the letter of Notice of Acceleration, September 16, 2020, Exhibit E, in the foreclosure process leading to the sale of March 24, 2022, ignoring the Order of the Bankruptcy Court finding the account in good standing through December 2019, without seeking information that Defendants NewRez or PHH Mortgage were not in violation of the Permanent Stay provision of the Bankruptcy Code, 11 U.S.C. § 524(a)(3), and without consideration of the finding of account "in good standing" of January 2021.

36. On information and belief, Defendant Mackie Wolf Zientz & Mann failed to provide a "Notice of Acceleration" post January 2021.

37. No notice related to maintenance of homeowner's insurance was provided by any Defendant, as continuous coverage naming Defendant PHH Mortgage Services could have been provided if Defendants had followed the law or Trust provisions and provided required Notice of how to return to "Good Standing". Exhibit L.

38. On March 23, 2022, Defendant NewRez c/o PHH Mortgage Services returned payments as insufficient to bring the account current. The letter was received by Plaintiff on or about March 29, 2022. Exhibit H.

39. Foreclosure sale was held on March 24, 2022, sale price $90,000.00. Exhibit M (Part copy of Special Warranty Deed provided to Defendant Barnini by Defendant Trustee Mackie Wolf reflecting in the Affidavit of Consideration the sale price paid at page 2 - Deed is not of record in Knox County Register of Deeds Office).

40. On information and belief, the balance owed on the account was less than $50,000.00 and no proceeds of the sale have been sent to Plaintiff, approximately $40,000.00 retained without good cause, by Defendants in violation of the terms of the Deed of Trust and law.

41. Defendant Trustee Mackie Wolf did not provide an accounting of the distribution of funds to Plaintiff, as required by Tenn. Code Ann. § 35-15-813.

42. Defendant Trustee Mackie Wolf did not provide a plan of distribution to the interested parties of the Deed of Trust or follow the procedures of Tenn. Code Ann. § 35-15-817.

43. On or about April 25, 2022, Plaintiff learned that an 86 year old neighbor had been picking up mail from an abandoned home in the neighborhood. He asked if she may have any of his mail miss-delivered to her or the abandoned home. Yes, was the response. Among letters miss-delivered to the abandoned home were returned money orders representing payments for December, 2021, January, 2022, and February 2022. All payments rejected by Defendant NewRez c/o PHH Mortgage Services. Exhibit I, Collected.

44. Plaintiff has made all payments since the Order of the Bankruptcy Court by Western Union Money Order. Attached are all money orders purchased and mailed to Defendants, OCWEN, PHH Mortgage and/or NewRez. Exhibit J, Collected.

45. Upon Plaintiff attempt to present payment, the obligation owed was fulfilled, Tenn. Code Ann. § 47-3-603 (b) "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender . . ."

46. Upon presentment of each money order payment, the return of any payment was by operation of law a null event as Plaintiff's account was required to be updated to reflect payment made.

## CLAIMS

### BREACH OF CONTRACT

47. Plaintiff re-alleges paragraphs above as if fully set forth herein.

48. Defendant OCWEN held a duty and responsibility under its contract with Defendant U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS1 to respond to questions concerning ownership of the account when first requested by Plaintiff, Plaintiff a third party beneficiary of that responsibility.

49. Defendant OCWEN, held a duty and responsibility to inform the obligor of the new assigned beneficiary and service, here Defendant NewRaz and or PHH Mortgage, without need for Plaintiff to reach out. Federal law mandates notice, 12 U.S.C. § 2605 et. seq. Defendant OCWEN failed to notify "borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."

50. The obligation of Defendant OCWEN exists to prevent the epidemic of fraudulent demands for payment by third parties who are strangers to the contract.

51. PHH Mortgage, through merger, is liable for Defendant OCWEN failures to comply with federal notice requirements.

52. Defendant OCWEN continued servicing Plaintiff's loan after it's merger with PHH Mortgage Corporation, and after it legally ceased to exist on August 6, 2019.

53. Defendant PHH Mortgage Corporation never reported their existence to Plaintiff and had Defendant NewRaz, LLC, give notice of PHH Mortgage Services, actually acting as a servicer, with the first letter to Plaintiff was the return of a payment August 22, 2020.

54. Defendant NewRaz, LLC, did not claim that it was providing notice of servicing, failed to provide any actual evidence of assignment or ownership of the underlying accounts and yet returned money without applying same to the account. All while ignoring it's opportunity to

confirm ownership, assignment, or servicing in breach of 12 C.F.R. § 1024.33. Without Notice of Merger in 2019, or any time after that event, Defendant NewRaz or PHH Mortgage hold no right to demand payment, only Defendant OCWEN held that right.

55. Defendant NewRez continues to send letters using envelops which reflect PHH Mortgage Services.

56. A condition precedent to a successor servicer of the Note and associated Deed of Trust is the compliance with Federal Notice and Servicing Notice requirements. Defendant NewRaz or PHH Mortgage are under an affirmative duty to compel Defendant OCWEN to provide the required notice prior to assertion of rights and legally held no legal right to payments until Defendant OCWEN complied. The simple meger of companies did not relieve the duty to provide Notice.

57. Defendant NewRaz and/or PHH Mortgage did not provide an opportunity to Plaintiff to make payment prior to placing the account into foreclosure. Plaintiff attempted to confirm ownership, amount, and rights without success. Exhibit E.

58. The Trustee relied upon Defendant NewRaz or PHH Mortgage in proceeding with foreclosure and did foreclose in breach of the Note and Federal Notice requirements, with actual knowledge that no proper accounting was provided under 12 U.S.C. § 2605, and that the account in question is deemed current in accord with the Order of December, 2019, and that any demand including any debt earlier than December 2019 a violation of the permanent stay provisions of the bankruptcy code and a contempt of court.

59. It is alleged that the Trustee Mackie Wolf did look for a new bankruptcy filing, however, they did not confirm that the servicing agent affirmatively did not claim obligations which intrude on the Order of the Bankruptcy Court. Exhibit A.

60. Plaintiff has been damaged by the breach of contract by Defendant U.S. Bank National Association in that it failed to maintain adequate oversight of servicing agents and failed to maintain adequate accounting procedures to avoid foreclosure where borrower made every payment timely.

61. Plaintiff has been damaged by Defendant NewRaz and/or PHH Mortgage, who failed to provide any accounting as required by federal law upon written request, an obligation of the Deed of Trust to comply with federal loan requirements.

62. Defendant U.S. Bank National Association, NewRaz and/or PHH Mortgage s have caused special damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) and damages in the amount of $100,000.00.

## BREACH OF TRUSTEE DUTY AND CONVERSION

63. Plaintiff re-alleges paragraphs above as if fully set forth herein.

64. Defendant, Mackie Wolf, Trustee, advertized sale of the property at foreclosure for cash.

65. Plaintiff continued to send proper payments which were received by Defendant NewRaz and/or PHH Mortgage prior to the sale, which Defendant Trustee held actual knowledge.

66. Defendant NewRaz and/or PHH Mortgage returned payments made by plaintiff, prior to and after the sale without ever providing preforeclosure notice, and without accounting fees and charges, and without complying with federal loss mitigation options such as loan modification, forbearance, or repayment plan. No written loss mitigation plan was provided by Defendants NewRaz and/or PHH Mortgage. (12 C.F.R. § 1024.41).

67. Upon Plaintiff attempt to present payment, the obligation owed was fulfilled, Tenn. Code Ann. § 47-3-603 (b) "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender . . ."

68. On the date of sale, the obligations of Plaintiff were met and the sale a breach of duty by Defendants OCWEN, PHH Mortgage, NewRez, and Trustee Michie Wolf.

69. As a breach of fiduciary duty Plaintiff suffer damages in the loss of his real property to the entire value of the property, Tenn. Code Ann. § 35-15-1002, and suffered attorney fees and cost, Tenn. Code Ann. § 35-15-1004.

70. This claim is authorized under Tenn. Code Ann. § 20-12-119(e) filed for the express purpose of extending, modifying, or reversing existing precedent, law or regulation, or for the express purpose of establishing the meaning, lawfulness or constitutionality of a law. Here Plaintiff is setting forth elements of fact and law that make the trustee a necessary party, Tenn. Code Ann. § 35-5-116, not subject to dismissal because in this matter, Trustee Mackie Wolf held actual knowledge of the prior foreclosure event initiated by Defendant servicers with knowledge that any claim of due and owing sum subject to and precluded by an Order of a Bankruptcy Court, and that the mandatory response to a 12 U.S.C. § 2605 had not occurred.

71. Defendant U.S. Bank National Association, a trustee, failed to provide adequate oversight to contractual agents, Defendants OCWEN, PHH Mortgage, NewRez, and Trustee Michie Wolf, to confirm appropriate compliance with federal regulations and law, all incorporated as an obligation of the Deed of Trust in this matter.

72. Upon return to good standing about November, 2020, Defendant Trustee Mackie Wolf did fail to provide a Notice of Acceleration specifying "(a) the default; (b) the action required to cure the default; ( c) a date not less than 30 days fro the date the notice is given to Borrower

by which the default must be cured". Additional non-uniform covenants exist related to Borrower rights which were not noticed to Plaintiff. See Deed of Trust of record Knox County, Tennessee, Instrument Number 200611200042965 para 22, Exhibit K.

73. Defendant Trustee Mackie Wolf did not provide any accounting to Plaintiff in breach of Tenn. Code Ann. § 35-15-813.

74. Defendant Trustee Mackie Wolf did not distribute any funds to Plaintiff.

75. Defendant Trustee Mackie Wolf received $90,000.00 at the sale of the subject property and did not account to Plaintiff the distribution of proceeds.

76. Any transfer of funds beyond that to make Defendants whole under the terms of the Deed of Trust by Defendant Trustee Mackie Wolf was both a breach of duty by the Trustee and a conversion of funds by Defendants.

77. Defendant Trustee Mackie Wolf, with knowledge of returned funds, and with knowledge of Tenn. Code Ann. § 47-3-603 (b), failed to apply rejected payments to the account and failed to return excess funds promptly to Plaintiff, although holding a duty as trustee to account for funds received and to promptly distribute the funds.

78. Trustee Mackie Wolf did not stand in good faith in the foreclosure of the real property, but held actual knowledge of prior events relevant to this account and this real property but did not investigate or question in any manner although with actual knowledge of the errors in account management by Defendants.

79. Trustee in foreclosure action has a duty to exercise the foreclosure as a neutral, by the terms of the instruments, however, once Trustee holds actual knowledge of a violation of accounting procedures, failure of Defendants to respond to 12 U.S.C. § 2605, and all the above, Trustee who acts to foreclose does so at own risk.

80. Trustee has caused special damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) and damages in the amount of $300,000.00.

## 12 U.S.C. § 2605

81. Plaintiff re-alleges paragraphs above as if fully set forth herein.

82. On information and belief, Plaintiff, by and through his attorney sought access to a full accounting of the Plaintiff's payments on October 8, 2020. Specifically, Plaintiff disputed any "default" and sought "a life of loan history from January 2014 to now." Plaintiff also sought "address where the August 2020 money order should be re-mailed and verify the name address and account number of the servicer of the mortgage."

83. The demand set out a demand available to Plaintiff under 12 U.S. Code § 2605 (e).

84. The demand was sent to Defendant PHH Mortgage's agent, Mackie Wolf Zientz & Mann, PC, by fax and US Mail.

85. Defendants NewRaz and/or PHH Mortgage never responded to the demand for sought under 12 U.S. Code § 2605 (e), although Defendant's agent Mackie Wolf or successor responded that the account was now under review within days of the demand.

86. 12 U.S. Code § 2605(f)(1) provides in part "(A)any actual damages to the borrower as a result of the failure; and (B)any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000."

87. Plaintiff seeks actual damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), and additional damages in the amount of $300,000.00, and statutory damages of $2,000.00. Plaintiff seeks attorney fees available under 12 U.S.C. § 2605(f)(3).

## WRONGFUL FORECLOSURE

88. Plaintiff re-alleges paragraphs above as if fully set forth herein.

89. Defendants, in full disregard of the rights of the Plaintiff, ignored multiple opportunities to correct the accounting of payments made, and in full disregard of their, negligence, gross negligence, or intentional conduct, did fail to properly maintain accounts, which they knew and did not correct, directed a foreclosure sale driving Plaintiff from his home and his ownership.

90. Defendants held a duty to Plaintiff to not sell his home out from underneath him while he was in compliance with the Order of the Bankruptcy Court finding his account in good standing through December 2019, and making all timely payments.

91. Defendants via negligence, gross negligence, or intentional conduct, did fail properly acknowledge receiving timely payments.

92. Defendants OCWEN, PHH Mortgage, and NewRez did intentionally, in full disregard of Plainiff rights under the Deed of Trust and the federal law set out in 12 U.S.C. § 2601, et. seq., did harm Plaintiff through their direction to Defendant Mackie Wolf to sell Plaintiff home.

93. Defendants OCWEN, PHH Mortgage, and NewRez held the present ability to comply with federal law set out in 12 U.S.C. § 2601, et. seq., and to do proper accounting, to avoid harming Plaintiff.

94. Defendant Mackie Wolf conducted the foreclosure with actual knowledge of the deficient accounting practices of Defendant servicing agents, the Order of the Bankruptcy Court and the knowledge of a pattern of claims by Defendant servicing agents not in accord with either the Order or the proof of payments made.

95. Defendant U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS1, held a duty to properly monitor and manage Defendants OCWEN, PHH Mortgage, and NewRez and did not exercise any oversight of agents hired by Defendant when Defendant was named entity in the Order of December 2019, held actual knowledge of the errors of Defendants OCWEN and/or PHH Mortgage, and entered into the Order with that knowledge.

96. Defendants each individually, with negligence, gross negligence, or intentional conduct, participated in the harm done to Plaintiff through the act of removing ownership of Plaintiff's home.

97. Plaintiff has suffered shock horror, grief, shame, humiliation, embarrassment, anger, disappointment, worry, nausea and sense of deep loss at the foreclosure of his home of over 20 years. An average member of the community would arouse his resentment against the actor, and lead him to exclaim 'Outrageous'!".

98. Defendants, by the foreclosure caused special damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) and damages in the amount of $400,000.00.

**WHEREFORE, Plaintiff prays for the following relief:**

A. That proper process issue and be served upon the Defendants, and that the Defendants be required to appear and answer the Complaint within the time required by law;

B. That the foreclosure, be declared void for failure of Defendants to properly comply with 12 U.S.C. § 2605 et. seq., and 12 C.F.R. § 1024.33, and James Bernini divested;

C. That Plaintiff be awarded breach of contract damages from Defendants U.S. Bank National Association, OCWEN, PHH Mortgage, PHH Mortgage Servicing, and NewRez, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

D. That Plaintiff be awarded damages from Defendants U.S. Bank National Association, OCWEN, PHH Mortgage, PHH Mortgage Servicing, NewRez, and Mackie Wolf for breach of duty as trustees of the account of Plaintiff, owned by Residential Asset Securities Corporation Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS1 to properly manage the account causing actual damage to Plaintiff, each breach of trustee duty a separate claim as to each Defendant in the loss of real property, to the entire value of the property, Tenn. Code Ann. § 35-15-1002, and reasonable attorney fees and cost, Tenn. Code Ann. § 35-15-1004;

E. Plaintiff be awarded special damages, and damages from Defendants NewRaz and/or PHH Mortgage for their breach of duty 12 U.S. Code § 2605 (e), statutory damages 12 U.S. Code § 2605(f)(1)(A), in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) and damages in the amount of $300,000.00, and the fine of $2,000.00 for noncompliance, 12 U.S. Code § 2605(f)(1)(B);

F. That Plaintiff be awarded damages from Defendants U.S. Bank National Association, OCWEN, PHH Mortgage, PHH Mortgage Servicing, NewRez, and Mackie Wolf for the tortuous conduct of a Wrongful Foreclosure be awarded special damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) and damages in the amount of $400,000.00;

G. Plaintiff be awarded damages from Defendant Mackie Wolf for the failure of the Trustee to comply with Tennessee Law in the accounting of the proceeds of the Trust, and reasonable attorney fees for the non-compliance;

H. Plaintiff be awarded money damages and tort damages for the conversion of all funds which under the terms of the Deed of Trust were to be returned to Plaintiff upon accounting in the amount of $250,000.00 damages, and special damages of $50,000.00 the converted funds;

I. That Defendants be ordered to remove any negative credit reporting arising from or related to this matter, from any credit reporting bureau;

J. That Plaintiff be awarded common law punitive damages not greater than ten times (10 x) the common law tortuous damages;

K. That Plaintiff elect his damages, if so required;

L. That the costs of this cause be taxed to Defendants;

M. That a jury of twelve hear this matter;

N. That Plaintiff be granted his attorney fees available under Tenn. Code Ann. § 47-18-2104, Tenn. Code Ann. § 35-15-1004, Plaintiff also seeks attorney fees available under 12 U.S.C. § 2605(f)(3);

O. That Plaintiff be granted such further and general relief to which the Court finds it may be entitled.

Respectfully Submitted,

_____
DAVID B. HAMILTON (BPR #020783)
ATTORNEY FOR PLAINTIFF
1810 Merchant Drive, Suite 1
Knoxville, TN 37912
865.219.9250 / 865.219.7982 fax

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and accurate copy of the foregoing has been sent electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via US Mail, First Class, Prepaid. This August 17, 2022

/s/ David B. Hamilton

James Bernini, 1742 Joan Dr., Louisville, TN 37777

_____
David B. Hamilton, Esq. (BPR #020783)