UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LARRY GLENN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| U.S. BANK NATIONAL ASSOCIATION, | ) |  |
| OCWEN LOAN SERVICING, LLC, | ) | No.: 3:22-CV-206-TAV-DCP |
| PHH MORTGAGE CORPORATION, | ) |  |
| PHH MORTGAGE SERVICING, | ) |  |
| NEWREZ, LLC, | ) |  |
| MACKIE WOLF ZIENTZ & MANN, P.C., | ) |  |
| and JAMES BERNINI, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

This civil action was removed to this Court on June 6, 2022 [Doc. 1]. On January 24, 2024, United States Magistrate Judge Debra C. Poplin entered an Order granting plaintiff's Attorney David B. Hamilton's Motion to Withdraw, stating that if plaintiff did not retain new counsel within 30 days of the Order, the Court would deem plaintiff to be proceeding *pro se* [Doc. 41]. Further, if proceeding *pro se*, it would be plaintiff's obligation to stay up to date on the status of the case, including responding to any requests for relief by other parties. [*Id.*]. With no indication that plaintiff retained new counsel, plaintiff was deemed as proceeding *pro se*.

On March 25, 2024, Mackie Wolf Zientz & Mann, P.C. filed a Motion for Judgment on the Pleadings [Doc. 42]. Plaintiff has not responded to this motion, and the time to do so has long expired. *See* E.D. Tenn. L.R. 7.1(a). On June 18, 2024, U.S. Bank National

Association, Ocwen Loan Servicing, LLC, PHH Mortgage Corporation, PHH Mortgage Servicing, and NewRez, LLC, filed a Motion to Dismiss for failure to prosecute, citing plaintiff's failure to comply with the Scheduling Order or the Federal Rules of Civil Procedure, failure to respond to discovery requests, and failure to prosecute this case since former counsel's withdrawal [Doc. 45]. Plaintiff has not responded to this motion, and the time to do so has long expired. *See* E.D. Tenn. L.R. 7.1(a).

On July 16, 2024, the Court ordered plaintiff to show cause within 14 days as to why he had not responded to defendants' motions and discovery requests or otherwise show good cause as to why he has failed to prosecute this case [Doc. 47]. Plaintiff responded to the show cause order, but this response did not sufficiently address why plaintiff had failed to respond to defendants' motions and discovery requests [Doc. 48]. On August 9, 2024, the Court ordered plaintiff again to show cause regarding his failures to respond to defendants' motions and discovery requests [Doc. 49]. Plaintiff was ordered to respond within seven days and cautioned that failure to respond to the show cause order would be grounds for the Court to dismiss the case without further notice [*Id.*]. *See* Fed. R. Civ. P. 41(b). The time to respond has expired, and plaintiff has failed to respond.

Under the circumstances, the Court finds dismissal of plaintiff's action appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to respond is expressly recognized in Rule 41(b), which provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action of any claim against it. Unless the dismissal order states otherwise, a dismissal under this

subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) ("District courts are empowered to dismiss actions when a litigant fails to comply with a court order or fails to prosecute a case.").

The Sixth Circuit directs district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

Here, plaintiff failed to comply with the Court's show cause orders. Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"); *Daniels v. Napoleon*, No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding the first factor of the Rule 41(b) analysis weighed in favor

of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to defendants' motion to dismiss or a response to the Court's Order to Show Cause"). The Court further finds that plaintiff's failure to respond is due to willfulness, bad faith, or fault; that plaintiff was warned that failure to respond would lead to dismissal; and that the Court considered less drastic sanctions but found that they would be ineffective under these circumstances. *See Fuller*, 468 F. App'x at 588.

In light of the above, this case is **DISMISSED** for failure to prosecute and for failure to comply with the Court's orders. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE